**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: Anna S. Ebron, | Case No. 05-39281-DOT |
|     Debtor | Chapter 13 |
| | |
| Anna S. Ebron, | Adv. Pr. No. 07-03029-DOT |
|     Plaintiff | |
| v. | |
| First Franklin Financial Corp., et al. | |
|     Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This adversary proceeding is before the court on First Franklin Financial Corporation's November 15, 2007, motion that it be dismissed as a defendant in the amended complaint filed by plaintiff Anna S. Ebron. Also before the court is Ebron's motion to again amend the complaint to add a party defendant.

In this adversary proceeding, Ebron seeks, among other things, 1) a declaratory judgment that she validly rescinded a credit transaction for the purchase of residential real estate pursuant to TILA, the Truth in Lending Act, Pub. L. No. 90-321, 82 Stat. 146 (codified as amended at 15 U.S.C. § 1601 et seq.), 2) a declaratory judgment of the amount she was required to tender in TILA rescission, and 3) a declaratory judgment that she is entitled to statutory damages of $2,000.00 against First Franklin for its alleged violation of the provisions of TILA.[1] On March 5, 2008, in addition to its motion to dismiss, First Franklin filed with the court a document entitled "First Franklin Financial

---

[1] The request for statutory damages was listed in the amended complaint as a cause of action but was not included in the prayer portion of the amended complaint. Based upon the amended complaint's language that "Ebron seeks a declaratory judgment that she is entitled to statutory damages of $2,000 against First Franklin for its failure timely to comply with creditor responsibilities after receipt of the notice of rescission…", the court considers the $2,000.00 in statutory damages to have been validly prayed for.

1

Corporation's objection to debtor's motion for leave to file second amended adversary complaint and supplement to motion to dismiss first amended complaint." In that "supplement," First Franklin raises the issue of subject matter jurisdiction and also argues that Ebron should be estopped from seeking to rescind the credit transaction. The court will deny the motion to dismiss as advanced in the original motion and will defer ruling on the additional issues raised in the March 5 supplement to the motion to dismiss. The court will grant the motion to amend the complaint.

**Standard of review for motion to dismiss**. In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Eastern Shore Mkts., Inc. v. J.D. Assoc.*, 213 F.3d 175, 180 (4th Cir. 2000). The court must then determine whether the complaint is legally sufficient under the facts as alleged. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984).

<u>**Findings of fact**</u>

The facts as pled in the amended complaint are that on April 1, 2004, Ebron executed a promissory note in the principal amount of $66,500.00 in favor of First Franklin. The note was secured by a simultaneously executed deed of trust in favor of First Franklin on a piece of residential real property.

On October 3, 2005, Ebron filed a chapter 13 bankruptcy case. Her chapter 13 plan was confirmed on May 19, 2006. Under the terms of that plan, Ebron was to pay the amounts due under the April 1, 2004, promissory note directly to Saxon Mortgage, which

filed a proof of claim in Ebron's bankruptcy case for the amounts due under the First Franklin promissory note.[2]

By letter dated August 30, 2006, Ebron sent First Franklin a notice of rescission of the credit transaction. That notice was received by First Franklin on August 31, 2006. First Franklin took no action in response to the letter of rescission. Pleadings filed by Ebron in her bankruptcy case show that on September 28, 2006, after the rescission notice was received by First Franklin, Ebron executed an agreement to sell the residential real property for a sale price of $85,000.00. Court approval for the sale was granted on January 23, 2007. In connection with a separate motion in this adversary proceeding, Saxon Mortgage submitted an affidavit to the effect that 1) the sale had been consummated, 2) Saxon had received the payoff funds on or about March 20, 2007, and 3) Saxon had remitted those funds to the holder of the note and deed of trust.

## Conclusions of law

In addressing the motion to dismiss, the court first outlines the basic structure and relevant provisions of TILA, enacted by Congress in order to protect the rights of consumers in certain credit transactions. TILA gives a consumer in those transactions a right to rescind the transaction for three days following the execution of a covered transaction. 15 U.S.C. § 1635(a). The rescission period may be extended to three years if the TILA-required disclosures are not accurate or are not provided to the consumer at the time of the transaction. 15 U.S.C. § 1635(f), 12 C.F.R. § 226.23(a)(3) (2007).

---

[2] Attached to Saxon's February 3, 2006, proof of claim were copies of the original documents between First Franklin and Ebron. The proof of claim did not include any documentation evidencing a transfer of rights under those documents to Saxon Mortgage or any other party. In other pleadings in this adversary proceeding, Saxon Mortgage stated that it was the servicing agent of the note for Wells Fargo Bank National Association, which was trustee for First Franklin Mortgage Loan Trust. A consent order of summary judgment has been entered in this adversary proceeding dismissing Saxon Mortgage as a defendant.

3

In order to rescind a covered transaction, TILA requires that the consumer give the lender notice of the rescission during the applicable rescission period. The lender then has twenty days within which to return all amounts paid by the consumer. Once that is done, the consumer must tender the property that was the subject of the transaction back to the lender. 15 U.S.C. § 1635(b); 12 C.F.R. § 226.23(d)(3) (2007).

In addition to the remedy of rescission, TILA sets forth certain statutory damages allowable if the required disclosures do not comply with the provisions of TILA. Those damages are set forth at 15 U.S.C. § 1640(a). That section also contains a one-year statute of limitations. 15 U.S.C. § 1640(e). The one-year period begins to run in a closed-end credit transaction upon the date of the loan closing. *Tucker v. Beneficial Mortgage Co.*, 437 F.Supp.2d 584, 589-90 (E.D. Va. 2006); *see also Escher v. Decision One Mortgage Co. (In re Escher),* 369 B.R. 862 (Bankr. E.D. Pa. 2007). However, a consumer's ability to recover these statutory damages may be resurrected in the event the lender fails timely to honor a proper request for rescission, regardless of the one-year limitation of § 1640(e). 15 U.S.C. § 1635(g).

Ebron argues that the finance charges incurred in the April 1, 2004, real estate transaction were not fully disclosed by First Franklin. She further asserts that the total of the undisclosed finance charges exceeded one-half of one percent of the loan, thus extending her TILA rescission period to three years after the date of the closing or Ebron's sale of the property. 12 C.F.R. § 226.23(g) (2007). There is some question in this case as to whether the actual finance charges in fact exceeded the amount required by TILA to extend the rescission period to three years. However, since the court must accept

4

the facts as pled in evaluating a motion to dismiss, the court will assume that the actual finance charges were excessive, thus making the three year period the applicable one.

The question before the court may be distilled to this – assuming that the April 1, 2004, transaction's finance charges were not fully disclosed (which made the statutory TILA rescission period three years), did a notice of rescission sent to First Franklin within three years entitle Ebron to claim statutory damages under TILA despite her subsequent sale of the property? First Franklin argues that Ebron's sale of the property causes her to lose any right to claim damages for TILA violations in the April 1, 2004, transaction.

Ebron requests an award of § 1640 statutory damages. Under § 1640(e)'s one-year limitations period, this action is time barred, because well over a year has elapsed since the transaction at issue was consummated and First Franklin provided the disclosures to Ebron. Therefore, Ebron may not seek § 1640 statutory damages based solely upon the fact that First Franklin failed to provide her with the required TILA disclosure.

However, § 1635(g) allows an award of § 1640 damages if the lender failed timely to honor a request for rescission. The facts as pled in this case are that First Franklin did not respond to Ebron within the twenty days following the receipt of the rescission note, and as noted above, for purposes of this motion to dismiss, the court must treat those facts as true. Therefore, Ebron is entitled to seek statutory damages based upon the failure of First Franklin to honor a timely rescission notice, and the motion to dismiss will not be granted to the extent that Ebron seeks statutory damages arising from First Franklin's failure to honor the rescission notice.

5

Had Ebron sought to rescind the original transaction in this case, the court would not likely have granted rescission. In light of the subsequent sale of the property, Ebron is not entitled to undo the underlying transaction. Policy concerns dictate that the court not order the sale undone, as there would be no finality in sales of property securing TILA covered transactions if courts could later set aside the underlying TILA transactions. *Jones v. Saxon Mortgage, Inc*., 980 F. Supp 842, 847 (E.D. Va. 1997), *aff'd*, 161 F.3d 2 (4th Cir. 1998). However, a proper award of damages under § 1640 will serve to restore to Ebron any amounts she may have been improperly assessed in the original credit transaction.

Argument advanced in this case on behalf of First Franklin suggests that there may be an issue as to whether First Franklin was actually the proper recipient of the notice of rescission. First Franklin points out that when the subject property was sold, Ebron paid the amount due on the mortgage to Saxon Mortgage, not to First Franklin. In addition, First Franklin points out that under Ebron's confirmed chapter 13 plan, Ebron proposed to make the mortgage payment to Saxon Mortgage. The court also notes that the proof of claim for amounts due under the First Franklin note was filed by Saxon Mortgage in February 2006, prior to the date the rescission notice was sent to First Franklin. However, the issue of who was the proper noteholder at the time of the purported rescission is more properly addressed as part of a motion for summary judgment. At this stage of the litigation, the facts as pled are that First Franklin was the proper recipient of the notice of rescission. While there are indications that the facts may be otherwise, there is no direct evidence to the contrary.

Moreover, at this time, the court has not been provided with authority that a rescission notice to the originating creditor is ineffective to relieve that creditor of liability if the underlying loan has been assigned. That claim is related to First Franklin's newly asserted arguments that this court lacks subject matter jurisdiction over Ebron's claim and that Ebron is judicially estopped from asserting a claim against First Franklin. As those arguments were raised only recently by First Franklin, the court will provide Ebron an opportunity to respond to them. Therefore, consideration of the issues of judicial estoppel and subject matter jurisdiction is deferred.

In this ruling, the court does not foreclose the above arguments but merely postpones them. For purposes of the motion to dismiss, however, the court must assume that, as Ebron has pled, First Franklin failed to honor the valid request for rescission, and thereby refused to comply with its statutory obligation as set forth in § 1635. Congress provided an aggrieved a consumer a remedy for such a refusal in § 1635(g), which was drafted especially for this type of situation and which allows an award of the damages outlined in § 1640.

In an effort to facilitate the resolution of the legal and factual issues, the court will grant Ebron's motion to add Wells Fargo Bank National Association as Trustee for First Franklin Mortgage Loan Trust 2004-FFH2 as a party defendant.

The court having found that the facts as pled would entitle Ebron to relief,

IT IS ORDERED that the November 15, 2007, motion to dismiss filed by First Franklin Financial Corporation is DENIED without prejudice, and it is further

ORDERED that the ruling on the issues raised in the March 5, 2008, supplement to the motion to dismiss is DEFERRED, and it is further

ORDERED that the motion to further amend the complaint is GRANTED.

Signed_____

/s/ Douglas O. Tice Jr.
DOUGLAS O. TICE JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:

Henry W. McLaughlin, III, Esq.
Central Virginia Legal Aid Society
101 West Broad Street
Richmond, VA 23227
Attorney for Plaintiff

Kimberly A. Pierro, Esq.
Peter Barrett, Esq.
Kutak Rock LLP
1111 E. Main St., Suite 800
Richmond, VA 23219-3500
Attorneys for Defendant First Franklin Financial Corporation